(138 So. 650)

## Dr. Francis E. BRANT v. Charles A. TERRILL.

No. 28673.

Nov. 30, 1931.

Rehearing Denied Jan. 4, 1932.

Dhu Thompson, of Monroe, for appellant.

C. C. Elrod, of Siloam Springs, Ark., and Cahn & Cahn, of New Orleans, for appellee.

BRUNOT, J.

This is a suit for only $1,750, with eight per cent. per annum interest thereon from March 6, 1922, to December 21, 1926, and ten per cent. on the sum of said principal and interest as attorney's fees. The suit is upon four promissory notes for $500 each, representing the credit portion of the purchase price of the land described in the petition. The notes are identified with an authentic act of record containing all of the usual clauses in a sale partly for cash and partly on credit. The notes were due respectively on March 6, 1923, 1924, 1925, and 1926. On June 14, 1923, the maker of the notes paid $250 on the principal of the note due March 6, 1923, and the interest due on this note to June 14, 1923. These payments are properly credited on this note, and the prayer of plaintiff's petition, which was filed December 21, 1926, is for judgment for $2,000, less these credits, with interest thereon at the rate of eight per cent. per annum, and for ten per cent. of said sum and interest as attorney's fees. The judgment appealed from was as prayed for in the petition. It is clear that on plaintiff's demand, the Court of Appeal for the Second Circuit has jurisdiction of this appeal. There is a reconventional demand, in the alternative, and for damages, in the answer of the defendant, which we do not find it necessary to consider, for the reason that in cases of this kind the jurisdiction of this court is fixed by the actual amount, exclusive of interest, which is sued for. Section 10, article 7 of the Constitution of 1921, contains the following provision with reference to the appellate jurisdiction of the Supreme Court, viz.:

"It shall have appellate jurisdiction in civil suits where the amount in dispute, or the fund to be distributed, irrespective of the amount therein claimed, shall exceed two thousand dollars exclusive of interest," etc.

For the reasons stated, it is ordered that this case be transferred to the Court of Appeal, Second Circuit, provided that, if the record be not filed in that court within thirty

days from the date on which this decree becomes final, the appeal shall stand dismissed, at appellant's cost.